UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON ARZAGA, CDCR #K-89848,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID M. GILL, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:21-cv-00041-CAB-MSB<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 31);**<br><br>**2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 29);**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(h)(3) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Michael Aaron Arzaga ("Plaintiff"), currently incarcerated at Kern Valley State Prison, is proceeding pro se in this action, ostensibly pursuant to 42 U.S.C. Section 1983.  (*See* ECF No. 18, Compl.)  Plaintiff did not prepay the $402 civil filing fee required

by 28 U.S.C. Section 1914(a) at the time of filing and has instead filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). (*See* ECF Nos. 29, 31.)

## I.     Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

As mentioned, Plaintiff has filed two IFP Motions. (*See* ECF Nos. 29, 31.) The first Motion attaches uncertified trust account statements from the relevant period, the six-month period immediately preceding the filing of the Complaint. (*See* ECF No. 29, at 4-5.) The second Motion includes certified trust account statements, but for the six months immediately preceding February 2, 2021—approximately a month after Plaintiff filed the Complaint. (*See* ECF No. 31, 7-8.) Together, the two sets of trust account statements show that Plaintiff carried an average monthly balance of $24.85 and had $309.17 in average monthly deposits to his trust account for the six months immediately preceding filing the Complaint, and that Plaintiff had an available balance of $1200.00 at the time of filing. (*See* ECF No. 29, at 4-5; ECF No. 31, at 7-8.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 31), **DENIES** his other Motion to Proceed IFP (ECF No. 29) as moot, and assesses an initial partial filing fee of $61.83 pursuant to 28 U.S.C. Section 1915(b)(1)(A). The Court directs the Secretary of the CDCR, or her designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court further directs the Secretary of the CDCR, or her designee, to collect the remaining balance of the filing fees required by 28 U.S.C. Section 1914 and to forward it to the Clerk of the

///

Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

## II. Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

In addition to reviewing prisoner's IFP complaints under 28 U.S.C. Section 1915(e)(2) and Section 1915A(b), the Court must also determine sua sponte whether it has subject-matter jurisdiction over Plaintiff's case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint is hard to understand. As best as the Court can determine, Plaintiff believes he is a "sovereign citizen." (*See* Compl. at 2-3 (describing Plaintiff as a "Flesh and Blood man A living Soul . . . Standing under a Private Declaration of independence with private Amendments of Law, And Flag and Constitution . . . who is Set Apart From The United States . . . ." (errors in original)).) "Adherents of such claims or defenses 'believe that they are not subject to governmental authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *United States v. Alexio*, Cr. No. 13-01017-JMS, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279,

282 (2011)).

In this case, Plaintiff is suing two San Diego County Superior Court Judges, David M. Gill and Aaron M. Katz, and the San Diego County District Attorney's Office. (*See* Compl. at 2.) Plaintiff appears to be challenging the Superior Court's denial of a petition for writ of habeas corpus, but the factual and legal basis for this challenge is unclear at best. Among other things, Plaintiff's Complaint cites Federal Rule of Civil Procedure 60(b), the Uniform Commercial Code, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the *Dred Scott* decision, and a 1933 Congressional Resolution that allegedly suspended the gold standard. (*See, e.g.*, *id.* at 10, 16-17.) Whatever the basis for Plaintiff suit is, he seeks billions of dollars in damages for alleged "High Crimes and Misdemeanors in A Single Count of Conspiracy" and "unlawful incarceration." (*See id.* at 5.) Plaintiff has also filed more than a dozen "truth affidavits" seemingly denying the existence or authority of the United States Government and various arms of the state or federal governments, asserting rights in the alleged bankruptcy of the United States, and purporting to revoke certain contracts, among other things. (*See, e.g.*, ECF No. 1, at 1-2; ECF No. 26, at 1-2; ECF No. 32, at 1.)

Although Plaintiff may wish to file a civil rights action or some other type of action over which federal courts have jurisdiction, his current Complaint fails to invoke federal subject-matter jurisdiction under 28 U.S.C. Section 1343(a)(3), which creates federal jurisdiction over certain civil rights claims, 28 U.S.C. Section 1331, which creates federal jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," or any other source of federal jurisdiction. (*See generally* Compl.) Despite Plaintiff's citations to certain federal authorities in his Complaint, none of these authorities appear to be related to the claim Plaintiff seemingly asserts, namely that the Superior Court should have granted his habeas petition and that he is entitled to damages as a result, nor do these citations allege the existence of federal subject-matter jurisdiction. Federal district courts generally do not have subject-matter jurisdiction to review errors allegedly committed by state courts. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker*

*v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *see also Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000) (explaining that because district courts do not hear direct appeals from state court decisions, they "must decline jurisdiction whenever they are in essence being called upon to review the state court decision."). As a result, Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged." (citations omitted)); *see also* Fed. R. Civ. P. 8(a)(1) (explaining that a pleading stating a claim for relief "must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . .").

Even if Plaintiff's Complaint invoked the Court's jurisdiction, however, it would nevertheless fail to state any discernable claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For that reason, the Complaint would be subject to dismissal under 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b). If Plaintiff wishes to pursue a civil rights claim pursuant to 42 U.S.C. Section 1983, he must allege facts sufficient to show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *See Campbell v. Wash. Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). Furthermore, judges like Defendants Gill and Katz are immune from suits for damages under Section 1983 based on judicial acts like ruling on Plaintiff's state petition for writ of habeas corpus and related motions. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 227-29 (1988). This is true "even when such [judicial] acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (internal quotation marks and citation omitted). Finally, to the extent Plaintiff is seeking to recover damages for allegedly unlawful conviction and/or imprisonment, he must allege "that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If Plaintiff wishes to challenge the fact or duration of his continued confinement, rather than his conditions of confinement, the proper vehicle for that challenge is a petition for writ of habeas corpus under 28 U.S.C. Section 2254 after he has exhausted his state remedies, not a civil rights action pursuant to Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to allege both subject-matter jurisdiction and to state a claim upon which relief may be granted, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies in the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III.  Conclusion and Orders

Good cause appearing, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2.  **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

7

3:21-cv-00041-CAB-MSB

4. **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1).

5. **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on the Court's lack of subject-matter jurisdiction, Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Sections 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 17, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge